AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

FEB 2 5 2026

MITCHELL R. ELFERS
CLERK OF COURT

# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
A black iPhone assigned to Jonathan Strickland

)
)
)
)
)
)
)

Case No. 26 MR 395

## AMENDED
## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
A black iPhone, more fully described in Attachment A, which is attached and incorporated herein.

located in the _____ District of _____ New Mexico _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 1512 | Tampering with a Witness |

The application is based on these facts:
See Affidavit in Attachment B, attached and incorporated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SA  Lilly Aldena
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by electronic submission and telephonic swearing *(specify reliable electronic means).*

Date: 2/25/26

_____
*Judge's signature*

City and state:  Las Cruces, New Mexico

Damian L. Martínez, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*Property to Be Searched*

This warrant applies to records and information associated with a black iPhone with a clear protective phone case for cellular telephone assigned to Jonathan Strickland ("SUBJECT PHONE").

ATTACHMENT A

## ATTACHMENT B

*Item to be Seized and Searched*

Evidence of violation 18. U. S.C §1512(b)(1) Tampering with a Witness including the following item:

1. A black iPhone phone with clear protective phone case Jonathan Strickland, possessed and accessible on February 19, 2026, at the time he collected pictures of the victim in attempt to cause intimidation, and any and all information stored on such communication device, including:

 a. Audio and Video calls made to or from the communication device, along with the duration and date and time each communication occurred;

 b. Any message logs or messages, whether sent from, to or drafted on the communication device, along with the date and time each such communication occurred;

c. The content of voice mail messages and audio and video messages stored on the communication device, along with the date and time each such communication occurred;

 d. Photographs or video recordings;

e. Information relating to the schedule, whereabouts, or travel of the user of the communication device;

f. Information relating to other method of communication, including the contents of those communications, utilized by the user of the communication device, and stored on the communication device;

g. Evidence of user attribution showing who used or owned the communication device, such as social media accounts, email addresses, messages, location information, photographs and videos, phonebooks, saved usernames and passwords, documents and internet browsing history.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: A BLACK IPHONE BELONGING TO JONATHAN STRICKLAND | Case No.<br><br>**Filed Under Seal** |

**AMENDED AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE**

I, Lilly Aldana, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as ---electronic device---which is currently in the possession of the Federal Burau of Investigation and the extraction form the property of electronically stored information described in Attachment B.

2.     I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since January 2024. I have gained experience through training and everyday work relating to conducting these types of investigations.  Prior to becoming a Special Agent of the FBI, I earned a bachelor's and master's degrees in criminal justice. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 18 of the United States Code. I am currently assigned to the Albuquerque Field Office, Las Cruces Resident Agency, New Mexico. Prior to my current position, I was employed for three years as a Federal Probation Officer with the United States Probation Office, Western District of Texas.

3.     The following information contained in this affidavit is based on my training and experience, my personal participation in this investigation, and information provided to me by

other law enforcement officials. Unless otherwise indicated, where I have referred to written or oral statements, I have summarized them in substance and in part, rather than verbatim. Not all the facts of the investigation known to me are contained herein, only those necessary to establish probable cause to search the below-listed item pertaining to the captioned investigation. As will be shown below, there is probable cause to believe that evidence of a violation of Title 8 U.S.C. § 1512(b)(1), tampering with a witness, will be found on the item listed in Attachment B which belongs to Jonathan Strickland.

## IDENTIFICATION OF THE PLACE TO BE SEARHED AND THE ITEM TO BE SEIZED

4.    The property to be searched and seized is a black iPhone assigned to Jonathan Strickland, which is located on Strickland's possession.

5.    The applied-for warrant would authorize the forensic examination of the pink iPhone cell phone for the purpose of identifying electronically stored data particularly described in Attachment B.

## RELEVANT STATUTE

6.    Title 8 U.S.C. § 1512(b)(1) Whoever knowingly uses intimidation, threats, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to-

(1) Influence, delay, or prevent the testimony of any person in an official proceeding

## PROBABLE CAUSE

7.    On February 23, 2026, the Federal Bureau of Investigation (FBI) in Las Cruces Resident Agency learned from the United States Marshals Service of a witness (hereinafter "Victim") who had been intimidated the morning before his testimony on an ongoing trial

pertaining to a Federal civil case. The victim had been harassed and intimidated by the plaintiff of the ongoing trial case, Jonathan Strickland (hereinafter "Subject"). The incident took place at the Las Cruces Municipal Court, 135 E Griggs Ave, Las Cruces, NM 88001, parking lot.

8.      On February 25, 2026, FBI Special Agent Lilly Aldana interviewed the victim who provided the following information:

9.      On February 18, 2026, the victim testified in a Federal Civil Trial Case, the victim did not conclude his testimonial statement. Therefore, the victim's testimony was scheduled to continue for the morning of February 19, 2026.

10.     On February 19, 2026, minutes before the victim's testimonial statement would take place that morning, the victim was intimidated by the subject. That morning, at approximately 07:45 a.m., the victim drove into the parking lot and parked next to a black Ford Sport Utility Vehicle (SUV), which ended up being the vehicle that the subject and his attorney, DeWitt M. Lacy, were in. The subject was sitting on the passenger side of the vehicle, which was on the victim's driver side.

11.     As soon as the subject saw the victim he came out of his vehicle and began to flip off the victim while telling the victim: "You a bitch."

12.     The subject proceeded to walk towards the front of the victim's vehicle. The subject stood in front of the victim's vehicle and brought up his right hand, gesturing as if he was shooting an invisible firearm at the victim. The victim then proceeded to shrug his shoulders and tilt his

 

head up to the victim, gesturing a "what's up" motion. To what the victim understood as a gesture, of provocation for the victim to do something about it.

13.    The subject walked towards his attorney and they both walked to the back of their vehicle. However, the subject then walked towards the victim's vehicle and began to take pictures of the victim's personal vehicle and license plate. The subject then walked towards the driver's

 

side of the vehicle, where the victim was sitting and took a picture of the victim sitting in the vehicle.

14.    The victim was able to see the subject's cellphone, the color of the cellphone and type of cellphone case. The victim was intimidated by the subject's actions. This took place the morning before the victim would complete his testimony for the subject's trial.

15.    Based on my training and experience, I believe that Jonathan Strickland harassed and intimidated the victim before his continuation of his testimonial statement for the trial against the victim.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

16.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period on the device. This information can sometimes be recovered with forensics tools.

17.     There is probable cause to believe that things that were once stored on the Device may still be stored there, for at least the following reasons:

a.  Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b.  Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space-that is, in space on the storage medium that is not currently being used by an active file-for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c.  Wholly apart from user-generated files, computer storage media-in particular, computers' internal hard drives----contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d.   Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

18.   Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a.   Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail progfttms, and chat programs store configuration information on the storage medium that can reveal t4 information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created. a. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

b.   A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw

conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

c.  The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

19.  Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

20.  Manner of execution. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a residence. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21.    I submit that this affidavit supports probable cause for a search warrant of the white telephone described in Attachment A to seek the items described in Attachment B.

22.    Assistant United States Attorney Maria Armijo reviewed and approved this search warrant application.

23.    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

**This affidavit was reviewed by AUSA Maria Armijo.**

Respectfully submitted,

Lilly Aldana
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on _____ *Feb. 25* _____, 2026.

Damian L. Martínez
U.S. Magistrate Judge